**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Max Yeager, et al., <br>     Plaintiffs, <br> and <br> Liberty Mutual Ins. Co., <br>     Plaintiff-Intervenor, <br> v. <br> SpeedCo Inc., <br>     Defendant. | CV-15-271-TUC-DCB <br><br> **ORDER** |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of this Court for pretrial management, hearing and a Report and Recommendation (R&R) (Doc. 101) on the Defendant's Motion for Summary Judgment (Doc. 85). Before the Court is the Magistrate Judge's Report and Recommendation, Plaintiff's Objection (Doc. 103), and Defendant's Response to Objection (Doc. 104). The Magistrate Judge recommends to the Court that the Motion for Summary Judgment may be granted in part and denied in part. On August 3, 2017, the Court heard oral arguments and took the matter under advisement. The Court now rules.

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**PLAINTIFF'S OBJECTIONS**

Defendant seeks clarification of what duties the Court finds were owed by the Defendant, and if the Court found there was a duty to perform a Department of Transportation (DOT) inspection, Defendant objects to that finding. Defendant also objects to the Magistrate's finding that there is sufficient evidence to deny summary judgment based on the alleged failure to grease the joint. After conducting a de nevo review of the record, this Court agrees with the R&R and will leave any evidentiary issues to resolution by motions in limine or at trial.

Duty is a matter of law for the Court to determine. An affirmative duty to act may arise from undertaking to perform a service or from public policy. A duty that arises from a contractual relationship does not extend beyond the scope of what was assumed in the contract. *Diaz v. Phoenix Lubrication Service, Inc.*, 224 Ariz. 335, 340 (2010). As such, a duty cannot arise from expectations or normal practices of only one party. A potential duty that arises from public policy is limited to using reasonable care in actions that create risk themselves. *Id.* at 340. Here, the Defendant assumed a duty to use reasonable care in the services it undertook to perform. What, specifically, the Defendant undertook to perform for the Plaintiff is a question of fact for the fact finder.

Plaintiff has shown an issue of fact regarding whether Defendant undertook to perform a DOT inspection. TTM's director of maintenance, Michael Poole, testified that he discussed the services to be performed with Speedco on July 1, 2013 and it was his understanding that they had agreed to do a DOT inspection. (Doc. 86-2 at 135.) Defendant does not dispute that it did not perform a DOT inspection. (Doc. 103 at 4.) Additionally, Plaintiff's expert, Dr. Bosch, testified that there was damage to the zerk valve on the ball joint at the time of Speedco's service. (Doc. 86-2 at 74.) And a former Speedco employee, Ms. Mason, testified that not reporting such damage would be unreasonable and reckless. (Doc. 90-2 at 7.) Evidence that the joint was dry at the time of the accident may suggest that Speedco failed to grease the joint. (Doc. 86-2 at 6.) Resolution of any evidentiary issues,

which is the crux of this objection, will be resolved prior to or during trial, specifically with reference to any dispute over expert findings.

Under Arizona law, causation in a negligence claim exists if "the defendant's act helped cause the final result and if that result would not have happened without the defendant's act." *Ontiveros v. Borak*, 136 Ariz. 500, 505 (1983). Therefore, in order to show causation in a negligence claim, the plaintiff must show both that (1) the breach contrib uted to the final result, even if only by a little, and (2) that the final result would not have happened but for the defendant's breach. *Terranova v. Southern Pacific Traspon. Co.*, 158 Ariz. 125, 129 (1988).

The Court finds sufficient evidence to put to a jury to resolve. The Plaintiff has produced evidence to show an issue of fact regarding causation from the alleged failure to report damage to the zerk valve and alleged failure to perform a DOT inspection. Plaintiff has presented testimony that damage to the valve would have been reported (Doc. 90-2 at 11), that the joint would have been replaced had the damage been noted, (Doc. 90-1 at 35) and that a new joint would have prevented the Yeager's injuries. (Doc. 90-1 at 35). Additionally, Defendant agrees that a DOT inspection would have identified the deterioration in the joint. (Doc. 103 at 4.) The motion for summary judgment will be denied and the R&R will be adopted on this issue. Nothing contained in this Order will be treated as the law of the case.

**Punitive Damages**

The R&R recommends granting summary judgment as to the claim for punitive damages. Neither party has objected to this finding. The Recommendation will be adopted as to punitive damages and summary judgment on the issue will be granted.

**RULING**

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 101) to **GRANT** the motion for summary judgment (Doc. 85) on the punitive damages claim

3

and the claim for punitive damages is **DISMISSED.**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 101) to **DENY** the motion on the issue of negligence. This motion (Doc. 85) is **DENIED** on the claim of negligence.

**IT IS FURTHER ORDERED** that the parties should file a Joint Proposed Pretrial Order on or before **September 22, 2017**, in anticipation of a trial. The Court will be in contact with both parties jointly in advance of this date to secure a trial and pretrial motion dates.

DATED this 9th day of August, 2017.

David C. Bury
United States District Judge